UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | |
| ) | |
| EDWARD D. LANGLEY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

The United States of America, for its complaint against the defendant, Edward D. Langley, alleges as follows:

NATURE OF ACTION

1. The United States brings this civil action to obtain a judgment for the unpaid federal income tax liabilities of Edward D. Langley.

AUTHORIZATION

2. This action is commenced pursuant to section 7401 of the Internal Revenue Code of 1986 (26 U.S.C.) at the direction of the Attorney General of the United States and with the authorization of a delegate of the Secretary of the Treasury.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to section 7402(a) of the Internal Revenue Code of 1986 and sections 1340 and 1345 of Title 28, United States Code.

4. Venue is appropriate in this district pursuant to sections 1391(b) and 1396 of Title 28, United States Code.

3775202.1

## DEFENDANT

5. The defendant, Edward D. Langley, resides in Ponchatoula, Louisiana, within the jurisdiction of this Court.

## SUIT TO REDUCE TAX LIABILITIES TO JUDGMENT

6. On the dates and in the amounts shown below, a delegate of the Secretary of the Treasury timely made assessments against the defendant, Edward D. Langley, for unpaid federal income taxes (Form 1040), penalties, and interest for the 2001 through 2013 taxable periods:

| Type of Tax | Taxable Periods | Dates of Assessments | Amounts of Assessments |
|---|---|---|---|
| Income | 2001 | 9/25/2006 | 69,358.00(T) |
| | | | 1,186.54(P1) |
| | | | 553.85(P1) |
| | | | 15,605.55(P2) |
| | | | 17,339.50(P3) |
| | | | 23,629.14(I) |
| | | 11/4/2013 | 50,628.18(I) |
| Income | 2002 | 9/11/2006 | 66,255.00(T) |
| | | | 1,025.33(P1) |
| | | | 14,907.38(P2) |
| | | | 9,275.70(P3) |
| | | | 16,870.20(I) |
| | | 11/4/2013 | 43,910.57(I) |
| Income | 2003 | 10/10/2011 | 14,875.00(T) |
| | | | 384.00(P1) |
| | | | 3,346.87(P2) |
| | | | 3,718.75(P3) |
| | | | 9,399.47(I) |
| | | 11/4/2013 | 2,030.90(I) |
| Income | 2004 | 10/17/2011 | 26,413.00(T) |
| | | | 473.65(P1) |
| | | | 4,142.92(P2) |
| | | | 4,603.25(P3) |
| | | | 10,030.71(I) |
| | | 11/4/2013 | 2,388.09(I) |
| Income | 2005 | 10/17/2011 | 28,300.00(T) |
| | | | 445.55(P1) |
| | | | 6,367.50(P2) |
| | | | 7,075.00(P3) |

|  |  |  |  |
|---|---|---|---|
|  |  |  | 12,418.15(I) |
|  |  | 11/4/2013 | 3,462.36(I) |
| Income | 2006 | 10/17/2011 | 41,356.00(T) |
|  |  |  | 1,488.09(P1) |
|  |  |  | 9,305.10(P2) |
|  |  |  | 7,889.00(P3) |
|  |  |  | 10,491.75(I) |
|  |  | 11/4/2013 | 3,837.96(I) |
| Income | 2007 | 10/17/2011 | 38,728.00(T) |
|  |  |  | 1,762.62(P1) |
|  |  |  | 8,713.80(P2) |
|  |  |  | 8,326.52(P3) |
|  |  | 11/4/2013 | 4,139.57(I) |
|  |  |  | 1,355.48(I) |
| Income | 2008 | 9/12/2011 | 32,236.00(T) |
|  |  |  | 620.54(P1) |
|  |  |  | 7,253.10(P2) |
|  |  |  | 4,674.22(P3) |
|  |  |  | 3,890.64(I) |
|  |  | 11/4/2013 | 3,260.97(I) |
|  |  |  | 3,384.78(P3) |
| Income | 2009 | 9/12/2011 | 46,831.00(T) |
|  |  |  | 943.33(P1) |
|  |  |  | 10,536.97(P2) |
|  |  |  | 3,980.63(P3) |
|  |  |  | 3,181.20(I) |
|  |  | 11/4/2013 | 4,386.39(I) |
|  |  |  | 7,727.11(P3) |
| Income | 2010 | 11/21/2011 | 89,218.00(T) |
|  |  |  | 1,227.51(P1) |
|  |  |  | 20,074.05(P2) |
|  |  |  | 3,568.72(P3) |
|  |  |  | 2,507.49(I) |
|  |  | 11/4/2013 | 7,036.72(I) |
|  |  |  | 18,735.78(P3) |
| Income | 2011 | 7/9/2012 | 44,047.00(T) |
|  |  |  | 196.85(P1) |
|  |  |  | 133.47(P3) |
|  |  |  | 57.16(I) |
|  |  | 12/2/2013 | 10,981.00(T) |
|  |  |  | 2,196.00(P4) |
|  |  |  | 480.35(I) |
| Income | 2012 | 8/12/2013 | 37,844.00(T) |
|  |  |  | 108.68(P1) |
|  |  |  | 256.88(P3) |
|  |  |  | 126.24(I) |

```
Income          2013         6/2/2014                21,706.00(T)
                                                        389.00(P1)
                                                        216.87(P3)
                                                         85.73(I)
                                                      2,388.09(I)
```

_____

```
T  - Tax
I  - Interest
P1 - Estimated tax penalty
P2 - Late filing penalty
P3 - Failure to pay penalty
P4 - Accuracy penalty
```

  7. A delegate of the Secretary of the Treasury properly gave notice of the unpaid tax described above in paragraph 6 to the defendant Edward D. Langley, and made demand for payment. The unpaid balance of the assessments, described in paragraph 6 above, amounts to $849,025.36, including interest and statutory additions accrued through September 24, 2018, plus interest and statutory additions thereafter as provided by law, which amount the defendant, Edward D. Langley, has refused and/or neglected to pay.

  8. The defendant's federal income tax returns for 2001 through 2013 were due and filed as follows:

| Tax year | Return due | Return filed on or about |
| --- | --- | --- |
| 2001 | 8-15-2002 (by extension) | 9-29-2014 |
| 2002 | 4-15-2003 | 9-29-2014 |
| 2003 | 8-15-2004 (by extension) | 8-17-2011 |
| 2004 | 8-15-2005 (by extension) | 8-17-2011 |
| 2005 | 4-15-2006 | 8-17-2011 |
| 2006 | 4-15-2007 | 8-17-2011 |
| 2007 | 4-15-2008 | 8-17-2011 |

| | | |
|---|---|---|
| 2008 | 4-15-2009 | 8-17-2011 |
| 2009 | 4-15-2010 | 8-17-2011 |
| 2010 | 4-15-2011 | 10-13-2011 |
| 2011 | 10-15-2012 (by extension) | 6-6-2012 |
| 2012 | 10-15-2013 (by extension) | 6-28-2013 |
| 2013 | 10-15-2014 (by extension) | 4-15-2014 |

9. The assessments for 2003 through 2013 described above in paragraph 6 were based on the amounts of tax shown due on the returns that defendant filed for each of those years, with the exception of the additional tax assessed for 2011 on December 2, 2013.

10. The IRS made the assessments for 2001 and 2002 described above in paragraph 6 pursuant to 26 U.S.C. § 6020(b), as the defendant had failed to file income tax returns for those years.

11. After the IRS made the assessments for 2001 and 2002 described above in paragraph 6 pursuant to 26 U.S.C. § 6020(b), the defendant later filed federal income tax returns for those years. The returns for each of those years were filed on or about September 29, 2014. The defendant reported liabilities due on each of those returns, but in amounts less than the amounts previously assessed pursuant to 26 U.S.C. § 6020(b). Based on those returns, the IRS abated a portion of the previously assessed liabilities for 2001 and 2002.

12. The current outstanding balance described above in paragraph 7 takes into account the partial abatements for the 2001 and 2002 tax years.

## TIMELINESS OF ACTION

13. The United States generally has 10 years from the date of assessment to bring an action to collect unpaid tax liabilities. *See* 26 U.S.C. § 6502(a)(1).

14. The United States has brought this action within 10 years of assessment for all but 2001 and 2002.

15. The time period to bring this action was tolled during the time a collection due process hearing was pending. *See* 26 U.S.C. § 6330(e)(1).

16. On March 14, 2014, the IRS issued a Final Notice of Intent to Levy and notice of the defendant's right to a collection due process hearing for defendant's 2001 through 2012 federal income tax years.

17. The defendant timely requested a collection due process hearing on April 10, 2014.

18. The only issue the defendant raised in his collection due process hearing was to request a collection alternative in the form of an installment agreement. The IRS denied that request and issued a Notice of Determination so informing the taxpayer on September 17, 2014. The defendant had the right to petition the Tax Court for review of the Notice of Determination within 30 days of its issuance, or until October 17, 2014. The defendant did not seek review in the Tax Court.

19. The statute of limitations for collection was tolled while the collection due process proceeding was pending, from April 10, 2014, through October 17, 2014, or for 191 days.

20.     The time period to bring this action was tolled for additional time during the periods that the United States was prevented from taking collection action during two bankruptcies filed by the defendant, plus 6 months following each additional period. *See* 26 U.S.C. § 6503(h)(2); 11 U.S.C. § 362(a)(6) and (c)(2).

21.     The defendant filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Louisiana on February 3, 2015 (Case No. 15-10108). In response to the defendant's motion, the Bankruptcy Court dismissed his Chapter 13 case on July 14, 2015. The defendant obtained no discharge in that case.

22.     The time period to bring this action was tolled from the filing of the petition on February 3, 2015, through the dismissal on July 14, 2015, or for 162 days, plus an additional 6 months.

23.     The defendant filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Louisiana on October 21, 2015 (Case No. 15-12745). The defendant received a discharge by order entered February 2, 2016.

24.     The time period to bring this action was tolled from the filing of the petition on October 21, 2015, through the discharge entered on February 2, 2016, or for 105 days, plus an additional 6 months.

25.     The collection period was tolled for a total of 458 days, plus 6 months for each of the bankruptcies. As result, the statute of limitations for collection for the defendant's 2001 federal income tax liability does not expire until December 27, 2018, and the statute of limitations for collection for the defendant's 2002 federal income tax liability does not expire until December 13, 2018.

## TAX DEBTS NOT DISCHARGEABLE IN BANKRUPTCY

26. Because the defendant's tax returns for 2001 through 2010 were filed late, they were not discharged in the bankruptcy described in paragraph 23 under 11 U.S.C. § 523(a)(1)(B). *See In re McCoy*, 666 F.3d 924 (5th Cir. 2012).

27. Because the defendant's returns for 2012 and 2013 were last due, including extensions, within 3 years of the filing of the bankruptcy petition described in paragraph 23, those tax liabilities were not discharged in the bankruptcy under 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(i).

28. The defendant had a duty under law to pay his 2001 through 2013 federal income tax liabilities.

29. The defendant knew he had a duty to pay his 2001 through 2013 federal income taxes.

30. The defendant voluntarily and intentionally violated his duty to pay his 2001 through 2013 federal income taxes.

31. For his 2001 through 2013 tax years, the defendant's adjusted gross income ranged from a low of approximately $103,000 (2003) to a high of approximately $309,000 (2010).

32. The defendant showed a tax liability on each return from 2001 through 2013.

33. The defendant made no payments with his returns for 2001 through 2013, with the exception of a partial payment submitted with the 2011 return.

34. When the defendant submitted his request for an installment agreement (as part of his collection due process hearing described above), he submitted incomplete financial

information to the IRS and proposed collection alternatives that did not reflect his true ability to pay.

35. After the IRS began garnishing the defendant's wages, the defendant filed two bankruptcy petitions within 6 months of each other. The automatic stay delayed the IRS's collection activities.

36. For the reasons described in paragraphs 28 through 35, among others, the defendant's tax liabilities for 2001 through 2013 were not discharged during the bankruptcy described in paragraph 17 under 11 U.S.C. § 523(a)(1)(C) because the defendant willfully attempted to evade or defeat those tax liabilities.

WHEREFORE, the United States prays as follows:

A. That the Court enter judgment in favor of the United States of America and against the defendant, Edward D. Langley, for unpaid federal income taxes, penalties, and interest for the taxable years 2001 through 2013, in the amount of $849,025.36, including interest and statutory additions accrued through September 24, 2018, plus interest and statutory additions thereafter as provided by law; and

B. That the Court grant the United States of America such other and further relief as is just and proper.

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        /s/ Laura M. Conner
        Laura M. Conner
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 14198
        Washington, D.C.   20044
        202-514-6438
        laura.m.mconner@usdoj.gov
            or:
        555 4th Street, N.W., Room 6106
        Washington, D.C.   20001

        Of Counsel:

        PETER G. STRASSER
        United States Attorney

10

3775202.1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Laura M. Conner, Tax Division, U.S. Department of Justice
PO Box 14198, Washington, DC 20044; 202-514-6438

## DEFENDANTS
Edward D. Langley

County of Residence of First Listed Defendant  Tangipahoa Parish
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7401
Brief description of cause:
Action to reduce outstanding federal tax liabilities to judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 849,025.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  09/27/2018
SIGNATURE OF ATTORNEY OF RECORD
s/ Laura M. Conner

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | ) |
|---|---|
| United States of America | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 2:18-cv-9023 |
| Edward D. Langley | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Edward D. Langley
19069 Greenleaf Circle
Ponchatoula, LA  70454

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Laura M. Conner
Trial Attorney, Tax Division
U.S. Department of Justice
PO Box 14198
Washington, DC  20044

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:18-cv-9023

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____
 _____
 *Server's signature*

 _____
 *Printed name and title*

 _____
 *Server's address*

Additional information regarding attempted service, etc: