UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9023** |
| **EDWARD D. LANGLEY** | **SECTION "B"** |

### ORDER AND REASONS

Before the Court is a "Motion to Compel Discovery Responses from Edward D. Langley" ("Motion") filed by plaintiff the United States of America ("United States"). **R. Doc. 29.** Defendant Edward D. Langley ("Langley") has not filed an opposition timely or otherwise.[1]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the United States' Motion is **GRANTED**, compelling Langley to respond to the United States' post-judgment interrogatories **no later than June 3, 2024**.

### BACKGROUND

On February 5, 2020, this Court entered a $615,853.86 consent judgment against Langley for unpaid federal incomes taxes for tax years 2001–2013.[2] On May 26, 2023, the United States initiated post-judgment collection by serving Langley with a letter demanding payment; the United States attached to its demand letter post-judgment interrogatories.[3] Langley was required to respond to the May 26, 2023 discovery requests by June 25, 2023.[4] Langley did not do so.[5]

---

[1] Pursuant to Local Rule 7.5, a "party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission." LR 7.5. Langley has not filed a memorandum in opposition in compliance with Local Rule 7.5, or otherwise.
[2] R. Doc. 27.
[3] R. Doc. 29-3 at 1 ¶ 3; R. Doc. 29-4.
[4] *See* R. Doc. 29-4 at 1.
[5] *See* R. Doc. 29-3 at 1 ¶ 4.

The United States then discussed the outstanding discovery requests with Langley's counsel—Benjamin Klein ("Klein")—by telephone on September 22, 2023.[6] During that phone call, Klein advised that he still represented Langley, that he would speak with Langley, and that he would provide the outstanding discovery responses conferring with Langley.[7]

On October 2 and 11, 2023, the United States e-mailed Klein seeking an update on the discovery responses.[8] Klein responded on October 12, 2023, and stated that he would provide responses within the next week.[9] When Klein did not respond by October 20, 2023, the United States contacted Klein and the parties conferred by telephone on November 7, 2023.[10] Klein then confirmed in writing that he would provide discovery responses by November 14, 2023.[11]

Klein did not provide the discovery responses by November 14, 2023. Accordingly, the United States contacted Klein's office by telephone on November 22, 2023, and was advised that Klein was not in, but would return to the office later that day.[12] Klein has not returned the United States' phone call, nor provided any responses to the post-judgment interrogatories or a new deadline by which to expect responses.[13]

**LEGAL STANDARD, LAW, AND ANALYSIS**

Federal Rule of Civil Procedure 69 "governs the procedure for post-judgment discovery in federal courts." *Nat. Gas Pipeline Co. v. Energy Gathering*, 2 F.3d 1397, 1405 (5th Cir. 1993). Rule 69 provides in relevant part: "In aid of the judgment or execution, the judgment creditor . . .

---

[6]   R. Doc. 29-3 at 1 ¶ 4.
[7]   R. Doc. 29-3 at 2 ¶ 5.
[8]   R. Doc. 29-3 at 2 ¶ 6; R. Doc. 29-6 at 5–6.
[9]   R. Doc. 29-3 at 2 ¶ 7; R. Doc. 29-6 at 4.
[10]  R. Doc. 29-3 at 2 ¶ 9; R. Doc. 29-6 at 1.
[11]  R. Doc. 29-6 at 1.
[12]  R. Doc. 29-3 at 2 ¶ 10.
[13]  R. Doc. 29-1 at 2–3.

may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Here, the United States clearly indicated its intent to use federal procedures, meaning that only federal discovery procedures, and not state, will apply. *See FDIC v. LeGrand*, 43 F.3d 163, 171–172 (5th Cir. 1995) (when judgment creditor clearly indicated intent to proceed under procedure afforded by Federal Rules, state law was inapplicable); *see also In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mex. on April 20, 2010*, No. 12-970, 2016 WL 6995074, at *1 (E.D. La. Nov. 30, 2016) ("The judgment creditor must <u>choose</u> which set of procedures it intends to use, to the exclusion of the alternative procedures" (citations omitted)); 13 *Moore's Federal Practice*, § 69.04(2) (Matthew Bender 3d ed. 2024).

Rule 33(b)(2) generally requires that a party serve their answers and any objections within thirty (30) days after being served with interrogatories. *See* Fed. R. Civ. P 33(b)(2). When a party fails to a party's discovery request, any other party may move to compel disclosure. Fed. R. Civ. P. 37(a)(3)(A). The motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make a disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Here, Langley has not responded to the United States' post-judgment interrogatories, timely or otherwise. The United States has been in contact with Klein, Langley's counsel, since initiating post-judgment discovery on May 26, 2023, and has provided numerous extensions of the response date. However, these efforts have been to no avail. Additionally, the United States' Motion includes a certification as required by Rule 37(a)(1).

Accordingly, we grant the United States' Motion, compelling Langley to respond to the United States' post-judgment interrogatories no later than June 3, 2024.

New Orleans, Louisiana this 3rd day of May, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE